Opinion issued January 12, 2017



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00791-CV

———————————

## TODD DAVID ROGERS, Appellant

## V.

## GINA MARIE ROGERS AND JANA HUDMAN-CAVAZOS, Appellees

On Appeal from the 434th District Court
Fort Bend County, Texas
Trial Court Case No. 12-DCV-199022

## MEMORANDUM OPINION

Appellant, Todd David Rogers, proceeding pro se, attempted to appeal from the trial court's two post-mandate interlocutory orders, the first one authorizing the receiver to sell property and the second one confirming the sale of real property, both signed on September 19, 2016. The trial court had signed the final divorce

decree on September 8, 2015, and on appeal, this Court affirmed that decree on June 2, 2016, and issued our mandate on August 12, 2016, under appellate cause number 01-15-00224-CV. One of the appellees, Jana Hudman-Cavazos, the receiver, filed a motion to dismiss for want of jurisdiction. We agree with appellee, grant the motion, and dismiss this appeal for want of jurisdiction.

This Court generally has jurisdiction over appeals from final orders arising under the Texas Family Code unless a statute authorizes an interlocutory appeal. *See* TEX. FAM. CODE ANN. § 109.002(b) (West Supp. 2016) ("An appeal may be taken by any party to a suit from a final order rendered under this title."); *cf.* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014(a)(1)–(13) (West Supp. 2016) (listing appealable interlocutory orders); *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011) ("Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over appeals from final judgments."); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

On September 19, 2016, the trial court signed two orders, an "Order Authorizing Receiver to Sell Property" ("Authorization Order") and an "Order Confirming Sale of Real Property" ("Sale Order"). The Sale Order noted that Hudman-Cavazos was appointed by the trial court as receiver on April 27, 2016. On October 3, 2016, appellant filed a pro se notice of appeal from the Authorization Order and the Sale Order.

On November 16, 2016, appellee Hudman-Cavazos filed this motion to dismiss for want of jurisdiction, contending that the September 19, 2016 orders, the Authorization Order and the Sale Order, were both non-appealable interlocutory orders. More than ten days has passed, but appellant filed no response to the motion. *See* TEX. R. APP. P. 10.3(a). On November 29, 2016, the Clerk of this Court notified appellant that this appeal was subject to dismissal for want of jurisdiction unless he timely responded to this notice and the motion and showed how this Court had jurisdiction. *See id.* 42.3(a), (c). Appellant failed to file a timely response to the notice.

Although the April 27, 2016 order appointing the receiver would have been an appealable interlocutory order had appellant filed a timely notice of appeal, that order is not on appeal here. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1). Here, neither the post-mandate Authorization Order nor the Sale Order, both signed on September 19, 2016, appointed a receiver. Moreover, neither the Authorization Order nor the Sale Order are final orders under the Texas Family Code, and neither of them fall under any of the categories of orders that are authorized as appealable. *See* TEX. FAM. CODE ANN. § 109.002(b); TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1)-(13); *see also Lehmann*, 39 S.W.3d at 200. The clerk's record, filed in this Court on November 21, 2016, does not include or refer to a final order or judgment that has been rendered in this new

case. Thus, we must dismiss this appeal for want of jurisdiction. *See, e.g.*, *Smith v. Robertson*, No. 01-15-00538-CV, 2015 WL 9311431, at *1 (Tex. App.—Houston [1st Dist.] Dec. 22, 2015, no pet.) (dismissing for want of jurisdiction appeal of refusal of trial court to sign an order in SAPCR because records did not include final order) (citation omitted).

Accordingly, we grant appellee Hudman-Cavazos's motion and dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Lloyd.